■ BERTHA BANKS, Appellant, v. STEPHEN C. BEGELL, Respondent.— Appeal from an order of the Supreme Court, Chenango County, Trial Term, which set aside a verdict for the plaintiff-appellant in the sum of $8,000 unless the plaintiff would stipulate to reduce the same to $4,000. Plaintiff was involved in an automobile accident and the damages found by the jury were for personal injuries she sustained. Specifically they related to lacerations on her face and the scars resulting therefrom. She suffered a deep laceration one inch in length just below her left eyebrow. She also suffered a laceration, characterized as severe, from four to five inches in length which extended from the lower right side of her nose up the right side, across the bridge of the nose and to below the left eye. There was also a compound comminuted fracture of the nose in the laceration itself. Of course the jury viewed the injuries and actually saw the extent thereof. There is medical testimony that the scars left will be permanent but will bleach out and change in color with the passage of time. Plaintiff was a young woman only twenty-seven years of age. The Trial Judge considered the verdict excessive, and beyond this there is nothing to indicate that the verdict was the result of prejudice, passion or corruption. It thus appears that the whole issue is one of opinion. While the verdict may appear to be liberal we can see no substantial basis for characterizing it as so excessive as to shock the conscience. The amount of compensatory damages in a case of this kind is peculiarly within the province of a jury to determine, and even though the trial court may have a different opinion the jury's verdict should not be set aside except for clear and convincing reasons that are apparent from the record itself. Order reversed, with costs to appellant, and the verdict reinstated. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur. [See *post*, p. 869.]

■ COMMISSIONERS OF THE STATE INSURANCE FUND, Appellants, v. RAYMOND SHANNON, Respondent.— Appeal from an order of the Supreme Court, entered in Albany County on August 9, 1955, denying plaintiffs' motion for summary judgment. Plaintiffs' first cause of action, to which the motion was addressed, seeks a recovery for money had and received. It alleges substantially these facts: that on June 17, 1939, an award of workmen's compensation was made to defendant for permanent total disability and the State Insurance Fund was directed to pay to him two thirds of his average weekly wages, amounting to $16 per week, from the date of the award; that such payments were made until November 6, 1948; that from January 2, 1943, until October 6, 1948, defendant was employed by a different employer at wages which were greater than he was earning at the time of his injury for which the award was made; that defendant was not entitled to the compensation paid him in the amount of $4,808 during the period between January 2, 1943, and November 6, 1948, and that demand has been made for repayment. The answer denies the legal capacity of plaintiffs to sue; denies the allegation that defendant was not entitled to the money paid him pursuant to the award, denies the demand for repayment, and sets up the Statute of Limitations. We think there are issues of fact involved and that summary judgment was properly denied. Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.